■ BANKDIRECT CAPITAL FINANCE, a Division of TEXAS CAPITAL BANK, N.A., as Assignee of Standard Funding Corp., Appellant, v INSURANCE COMPANY OF STATE OF PA, Respondent. [992 NYS2d 271]—

In an action to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Brandveen, J.), entered March 15, 2013, as denied its motion for summary judgment on the complaint and granted that branch of the defendant's cross motion which was pursuant to 11 USC § 362 (a) to stay the action.

Ordered that the order is modified, on the law, by deleting the

provision thereof granting that branch of the defendant's cross motion which was pursuant to 11 USC § 362 (a) to stay the action, and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

In 2009, Standard Funding Corp. (hereinafter Standard) contracted with a nonparty, Emivest Aerospace Corporation (hereinafter Emivest), to finance the sum of $81,868.50 for insurance premiums for a workers compensation policy (hereinafter the policy) that the defendant, Insurance Company of State of Pa (hereinafter ISOP), issued to Emivest. Pursuant to the finance agreement, Emivest agreed to repay Standard the financed sum with interest, and purportedly assigned to Standard all of its interest in any unearned or return premium due upon cancellation of the policy. Nonparty Wortham Insurance & Risk Mgmt (hereinafter Wortham) was the broker for the finance agreement, which was governed by Texas law.

On an unspecified date, Standard purportedly notified ISOP of the assignment. On another unspecified date, the plaintiff, Bankdirect Capital Finance (hereinafter Bankdirect), purportedly acquired Standard, which purportedly assigned its interest in the return premium to Bankdirect. In June 2010, Emivest allegedly defaulted on its repayment obligation to Bankdirect. In September 2010, the policy allegedly was cancelled. In October 2010, Emivest filed for bankruptcy protection. In February 2011, ISOP paid the sum of $47,022.09, representing the return premium, to Wortham.

In August 2011, Bankdirect commenced this action against ISOP to recover damages for breach of contract. After issue was joined, Bankdirect moved for summary judgment on the complaint. ISOP cross-moved to stay the action pursuant to 11 USC § 362 (a) or, alternatively, pursuant to CPLR 2201, in light of Emivest's bankruptcy. The Supreme Court, inter alia, denied Bankdirect's motion and granted that branch of ISOP's cross motion which was pursuant to 11 USC § 362 (a) to stay the action.

Contrary to Bankdirect's contention, the Supreme Court properly denied its motion for summary judgment on the complaint, as it failed to meet its initial burden of establishing its prima facie entitlement to judgment as a matter of law (see *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Bankdirect failed to tender sufficient evidence to eliminate all triable issues of fact as to whether, inter alia, Emivest assigned its entire interest or simply transferred a security interest in the return premium to Standard, whether Standard properly

notified ISOP of the purported assignment to it of such interest in the return premium, whether Standard assigned any interest in the return premium to Bankdirect, and whether Bankdirect properly notified ISOP of any such assignment.

However, the Supreme Court erred in granting that branch of ISOP's cross motion which was pursuant to 11 USC § 362 (a) to stay the action.

"[T]he bankruptcy court can stay actions against any party, even a non-debtor, whenever the objective of the action is to obtain possession or exercise control over the debtor's property. Unless a case involves unusual circumstances, however, the bankruptcy court cannot halt litigation by non-debtors, even if they are in a similar legal or factual nexus with the debtor.

"The unusual circumstances in which the bankruptcy court can stay cases against non-debtors are rare. They typically arise where there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor. In other words, the automatic stay will apply to non-debtors only when a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate" (*Ritchie Capital Mgt., L.L.C. v Jeffries*, 653 F3d 755, 762-763 [8th Cir 2011] [citations and internal quotation marks omitted]; *see McCartney v Integra Natl. Bank N.*, 106 F3d 506, 509-510 [3d Cir 1997]; *A.H. Robins Co., Inc. v Piccinin*, 788 F2d 994, 999 [4th Cir 1986]; *Lynch v Johns-Manville Sales Corp.*, 710 F2d 1194, 1196 [1983]).

ISOP failed to demonstrate that Bankdirect's claim against it would have an "immediate adverse economic consequence" for Emivest's estate (*Ritchie Capital Mgt., L.L.C. v Jeffries*, 653 F3d at 763). Thus, it was not entitled to the protection of the automatic stay pursuant to 11 USC § 362 (a).

The parties' remaining contentions are without merit. Mastro, J.P., Dickerson, Hinds-Radix and Duffy, JJ., concur.